UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD SCHNEIDER,

        Plaintiff,

                                              Case No. 25-cv-1251-pp

    v.

WELLPOINT CARE NETWORK,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 1), SCREENING COMPLAINT AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT**

On August 20, 2025, the plaintiff—who is representing himself—filed a complaint against Wellpoint Care Network about an "incident that occurred on January 21, 2025." Dkt. No. 1. He alleges that Emily Rodriguez, Kalee Buss, Talia Olson and AJ McBride lied to judges and refused to follow a judge's direct order in the Children's Court system. Dkt. No. 1 at 5. The plaintiff says that these individuals violated his constitutional rights and illegally kept his daughter from her family. Id. The plaintiff says, "[a]ll because of discrimination, prejudice, and biased [sic] toward the caregivers. They got license to adopt my daughter. As of August, 2024." Id. at 5.

**I.     Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. § 1915(a)(1) (requiring the person seeking to

1

proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[ ]").

The plaintiff's affidavit states that he is not employed, not married and has no dependents for whom he is financially responsible. Dkt. No. 2 at 1. He states that he has no income but has monthly expenses of $800. Id. at 2. He does not own a car, a home or other property of value. Id. at 3. The plaintiff says that he lost his Lyft job because of this case. Id. at 4. Based on the information in the plaintiff's affidavit, the court concludes that the plaintiff does not have the ability to prepay the filing fee. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee.

The court advises the plaintiff that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to *pre-pay* the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without *ever* paying fees.") (emphasis in original)).

## II. Screening the Complaint (Dkt. No. 1)

### A. Applicable Law

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d

714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

If the plaintiff intends to proceed under 42 U.S.C. §1983, he must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. <u>D.S. v. E. Porter Cnty. Sch. Corp</u>., 799 F.3d 793, 798 (7th Cir. 2015) (citing <u>Buchanan–Moore v. County of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009)). Because the plaintiff is proceeding without an attorney, the court construes his complaint liberally and holds him to a less stringent standard than pleadings drafted by lawyers. <u>Cesal</u>, 851 F.3d at 720 (citing <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  <u>Facts in the Complaint</u>

The plaintiff filed his complaint on this district's standard form for non-prisoner filers who are proceeding without lawyers. Dkt. No. 1. In between the first and second pages of the complaint, the plaintiff inserted three typed pages. <u>Id.</u> at 2-4. Those pages recount that on January 21, 2025, Ms. Buss, the supervisor for the plaintiff's case, testified in court before Judge Ronnie Murray that the plaintiff used a racial slur toward the plaintiff's case manager, Ms. Rodriguez. <u>Id.</u> at 2. The plaintiff alleges that Buss never investigated or reviewed the video footage from the plaintiff's home. <u>Id.</u> The plaintiff also says that his visitation worker, Sammie Hall, testified before Judge Nihdi Kashyap

3

that the situation reported by Rodriguez never occurred. Id. The plaintiff would like this court to investigate because the incident has allegedly been used as a basis for McBride and Buss to refuse increased visitation with the plaintiff's daughter. Id.

On a separate page, the plaintiff included the following paragraph:

> To whom it may concern your honor or otherwise, I am filing this civil rights lawsuit. Because of the 14th amendment violation and due process clause and the equal protection act for parents. I am only involved in this case because my DNA was a match for a beautiful daughter I have now. They took from the mother due to substances in the system. After being adjudicated to father on December 8, 2023 m [sic]. I was under the presumption because of the constitution fourth amendment in 14th amendment. My daughter would be handed over to me seeing as I had nothing to do with the situation besides. My DNA matching no relationship with the mother or knowledge of knowing I was having a child. Then I was told I was on a chips petition for neglect and abuse civil case only. I asked for a jury trial and my jury trial was taken. From me because I had no involvement in the original part of the case, which is violation of due process then I proceeded to do everything. The judge required as he had asked, and I was only met with prejudiced from (WellPoint Care Network) after doing everything the judge asked and so low reunification was the judges desire. They proceeded to file a termination of parental rights case. Due to a federal law the safe child act which consist of 15 months out of home out of 22 months. They can file for the child safety. File for termination of parental rights, so the child doesn't linger in foster care. After doing everything, the judge ordered and required the (Wellpoint Care network) caseworkers started operating under the color of law, lying to judges making up fictitious situations that have been testified to under oath in court by non-bias third parties again, the second letter attached, I would like you to Read over thank you so much. I would appreciate my constitutional rights being upheld. Thank you for your time.

Id. at 4.

Under "statement of claim," the plaintiff says that Emily Rodriguez, Kalee Buss, Talia Olson and AJ McBride have lied to judges and refused to follow orders "between 12, 8, 2023." Id. at 5. He mentions the Children's Court

4

system in Milwaukee and says that the individuals acted to violate his constitutional rights and keep his daughter away from her family "because of discrimination, prejudice and biased [sic] towards the caregivers." Id. According to the plaintiff, "[t]hey" got a license to adopt his daughter in August 2024. Under "relief requested," the plaintiff says that he wants "these people held accountable for lying under oath and violating, and asking [the plaintiff] to violate judges orders." Id. at 7.

C.     Jurisdiction

The court does not have diversity jurisdiction under 28 U.S.C. §1332 because all parties are from Wisconsin. That means the court has jurisdiction only if the plaintiff's claims arise under the Constitution, laws or treaties of the United States. 28 U.S.C. §1131. On page 5 of the complaint, the plaintiff mentions violations of the First, Fourth and Fourteenth Amendments. On the face of the complaint, the plaintiff has alleged federal question jurisdiction.

D.     Analysis

42 U.S.C. §1983 allows individual citizens to sue for violations of their constitutional rights by "state actors." To state a claim for relief under §1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that whoever deprived him of that right was acting "under color of state law." Persons acting "under color of state law" usually are state officials are employees. The plaintiff has sued Wellpoint Care Network, a community-funded non-profit organization. https://wellpointcare.org. The plaintiff's allegations do not allow the court to conclude that Wellpoint qualifies as a state actor. See Thomas v. DMCPS, et al., Case No. 23-cv-438, 2023 WL 3467557, *3 (E.D. Wis. May 15, 2023). He has not alleged that Wellpoint is a state agency or that its employees work for the

state. On page 4 of the complaint, the plaintiff says the "[a]fter doing everything, the judge ordered and required the (Wellpoint Care network) caseworkers started operating under the color of law," but the fact that a state court judge orders an entity to do something does not make that entity a state actor.

Even if Wellpoint Care Network could be considered a state actor, the plaintiff has made allegations against the Wellpoint workers. Section 1983 creates a cause of action based on personal liability and predicated upon fault; "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." Pepper v. Vill. of Oak Park, 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). The *respondeat superior* doctrine—supervisory liability—does not apply to §1983 cases. See, *e.g.*, Kinslow v. Pullara, 538 F.3d 687, 692 (7th Cir. 2008). The plaintiff has sued *Wellpoint*, not the individual workers. So even if Wellpoint were a state actor, it cannot be held responsible under §1983 for the actions of its employees just because they worked for Wellpoint.

Even if the plaintiff had sued state actors, there are problems with the claims he has raised here in federal court. The plaintiff alleges that individuals working for or with Wellpoint lied to judges in the Milwaukee County Children's Court system. He asks this federal court to accept his complaint "as a formal grievance of an incident that occurred on January 21, 2025," when Buss allegedly reported to Judge Murray that the plaintiff had used a racial slur against his case manager. Dkt. No. 1 at 2. The plaintiff alleges that they (presumably the individuals he references in the complaint) filed for a termination of his rights, id. at 4, but he simultaneously alleges that "they got license to adopt my daughter. As of August, 2024," id. at 5. In other words, the

6

plaintiff is complaining to this federal court about things that happened in a family-law case that either is being adjudicated or has been adjudicated in the state court.

To the extent that the child custody proceedings are ongoing, the claims are barred under Younger v. Harris, 401 U.S. 37 (1971) and Milchtein v. Chisholm, 880 F.3d 895 (7th Cir. 2018), "which together hold that federal courts may not intervene in ongoing state criminal cases or state child-welfare or child-custody proceedings." Howell v. Manitowoc Cnty. Hum. Servs., No. 21-CV-1069, 2022 WL 2208876, at *3 (E.D. Wis. June 21, 2022), aff'd, Case No. 22-2184, 2023 WL 6492083 (7th Cir. Oct. 5, 2023). If the custody proceedings are over and the plaintiff is alleging that the defendant's actions led to the termination of his parental rights and is asking this federal court to reverse the decision and restore those rights, his claims likely are barred by the Rooker-Feldman[1] doctrine. That doctrine—whose name comes from two U.S. Supreme Court cases—holds that "lower federal courts do not have subject matter jurisdiction to review state court civil decisions." Edwards v. Ill. Bd. of Admissions to Bar, 261 F.3d 723, 728 (7th Cir. 2001). Although the Seventh Circuit recently revisited some aspects of the doctrine in a case where a mother lost and regained custody of her child, Gilbank v. Wood Cnty. Dept. of Hum. Servs., et al., 111 F.4th 754 (7th Cir. 2024), it remains the case that the doctrine bars a plaintiff from asking a federal court to reverse a state-court judgment, id. at 792. Notably, the Seventh Circuit emphasized that there is no fraud exception to Rooker-Feldman's jurisdictional bar even where the plaintiff

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

challenges false "representations that concern the merits" made by state court opponents rather than the state court decision. Id. at 783-785.

This illustrates another problem with the plaintiff's claims: the court cannot determine what it is the plaintiff is asking this federal court to do. On one page of his complaint, he says that he would "appreciate these matters being appropriately investigated." Dkt. No. 1 at 3. But "federal courts do not perform investigations—they adjudicate cases based on the facts the litigants discover in their own investigations" Bell v. Ohio Youngstown Public Schools, Case No. 21-cv-908, 2021 WL 1575956, at *2 (S.D. Ind. April 22, 2021). On another page, the plaintiff says that he "would appreciate my constitutional rights being upheld." Dkt. No. 1 at 4. But on that page, he does not explain what that means. On another page, he says that he would like "these people to be held accountable for lying under oath" and for violating, and asking him to violate, court orders. Id. at 7. But he does not explain what he believes the court should do to hold "these people" accountable, and he did not sue "people;" he sued Wellpoint. Does the plaintiff want this court to order that the adoption be reversed and he receive custody of his daughter? Rooker-Feldman would prohibit that. Does he want this federal court to stop ongoing family court litigation? Younger and Milchtein prohibit that. Does he want money damages? He does not say so.

To summarize: The plaintiff has sued a private, non-profit entity for violating his constitutional rights, rather than suing state actors. He has sued an organization, rather than the individuals whom he claims violated his rights. He has not told the court what relief he believes he is entitled to. And he has not explained how what the people he discussed in his complaint did violated his constitutional rights.

8

The court will give the plaintiff an opportunity to file an amended complaint that addresses these issues. The court will include a copy of its amended complaint form with this order. The plaintiff must list the case number on the first page and name all the defendants that he wants to sue in the caption. He should use the spaces on pages two and three to explain the key facts and what the defendant(s) did to violate his rights. Specifically, he must state who violated his rights, what the person did to violate his rights, when the person violated his rights and how his rights were violated. If the plaintiff wishes to pursue claims against Wellpoint Care Network (the entity, rather than individual persons), he must explain what Wellpoint Care Network did and, if he believes it acted under color of state law, why he believes that Wellpoint is a state actor. He also must explain whether the state-court proceedings involving his child are continuing or whether they are over, and he must tell the court what he wants the court to do for him.

The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff must make all his allegations in the amended complaint; he may not refer the court back to the original complaint. He must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims. If the plaintiff does not file the amended complaint by the deadline the court sets below, or if the amended complaint does not comply with this order, the court will dismiss this case for failure to state a claim upon which a federal court may grant relief, and will not give the plaintiff a second chance to amend.

III.  **Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

9

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim.

The court **ORDERS** that by the end of the day on **September 26, 2025**, the plaintiff must file an amended complaint that complies with the instructions in this order. The plaintiff must file his amended complaint in time for the court to *receive* it by the end of the day on September 26, 2025. If the court does not receive from the plaintiff an amended complaint by the end of the day on September 26, 2025, the court will dismiss the case without further notice or hearing based on the plaintiff's failure to state a claim in the original complaint.

Dated in Milwaukee, Wisconsin this 29th day of August, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**