UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD SCHNEIDER,

        Plaintiff,

v.

                          Case No. 25-cv-1251-pp

WELLPOINT CARE NETWORK,

        Defendant.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 5) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

        On August 20, 2025, the plaintiff—who is representing himself—filed a complaint against Wellpoint Care Network, alleging that various individuals had violated his constitutional rights by illegally keeping his daughter from her family. Dkt. No. 1 at 5. After granting the plaintiff's motion to proceed without prepaying the filing fee, the court screened his complaint, found that it failed to state a claim and allowed the plaintiff to amend the complaint. Dkt. No. 4 at 10. The court received the plaintiff's amended complaint on September 26, 2025. Dkt. No. 5. This order screens that amended complaint and dismisses it for failure to state a claim upon which a federal court can grant relief.

**I.    Background**

        A.    <u>Original Complaint and Screening Order</u> (Dkt. Nos. 1, 4)

        The plaintiff filed his original complaint on August 20, 2025. Dkt. No. 1. It named one defendant: Wellpoint Care Network. <u>Id.</u> at 1. It included four

1

pages of factual allegations, three of them typed and one handwritten. Id. at 2-4.

The first two, typed pages recounted that on January 21, 2025, Ms. Buss, the supervisor for the plaintiff's case in the Children's Court system, testified in court before Judge Ronnie Murray that the plaintiff had used a racial slur toward the plaintiff's case manager, Ms. Rodriguez. Id. at 2. The plaintiff alleged that Buss never investigated or reviewed the video footage from the plaintiff's home. Id. The plaintiff also said that his visitation worker, Sammie Hall, testified before Judge Nihdi Kashyap that the situation Rodriguez had reported never occurred. Id. The plaintiff asked this court to investigate, alleging that the incident had been used as a basis for someone named "Mr. McBride" and Buss to deny the plaintiff increased visitation with the plaintiff's daughter. Id.

On a separate page, the plaintiff included the following typed paragraph:

To whom it may concern your honor or otherwise, I am filing this civil rights lawsuit. Because of the 14th amendment violation and due process clause and the equal protection act for parents. I am only involved in this case because my DNA was a match for a beautiful daughter I have now. They took from the mother due to substances in the system. After being adjudicated to father on December 8, 2023 m [sic]. I was under the presumption because of the constitution fourth amendment in 14th amendment. My daughter would be handed over to me seeing as I had nothing to do with the situation besides. My DNA matching no relationship with the mother or knowledge of knowing I was having a child. Then I was told I was on a chips petition for neglect and abuse civil case only. I asked for a jury trial and my jury trial was taken. From me because I had no involvement in the original part of the case, which is violation of due process then I proceeded to do everything. The judge required as he had asked, and I was only met with prejudiced from (WellPoint Care Network)after doing everything the judge asked and so low reunification was the judges desire. They proceeded to

2

> file a termination of parental rights case. Due to a federal law the safe child act which consist of 15 months out of home out of 22 months. They can file for the child safety. File for termination of parental rights, so the child doesn't linger in foster care. After doing everything, the judge ordered and required the (Wellpoint Care network) caseworkers started operating under the color of law, lying to judges making up fictitious situations that have been testified to under oath in court by non-bias third parties again, the second letter attached, I would like you to Read over thank you so much. I would appreciate my constitutional rights being upheld. Thank you for your time.

Id. at 4.

Under the "statement of claim" section, the plaintiff hand wrote that Emily Rodriguez, Kalee Buss, Talia Olson and AJ McBride had lied to judges and refused to follow orders "between 12, 8, 2023" in the Milwaukee, Wisconsin Children's Court system. Id. at 5. He wrote that "[t]hey did it" to violate the plaintiff's constitutional rights (he listed "1, 4, 14)" and to illegally keep his daughter from her family "because of discrimination, prejudice and biased [sic] towards the caregivers." Id. According to the plaintiff, "[t]hey" got a license to adopt his daughter as of August 2024. Under "relief requested," the plaintiff said that he wanted "these people held accountable for lying under oath and violating, and asking [the plaintiff] to violate judges orders." Id. at 7. He also requested financial compensation. Id.

In the screening order, the court explained that under 42 U.S.C. §1983, citizens may sue for violations of their constitutional rights by "state actors," but that the plaintiff's allegations did not demonstrate that Wellpoint was a state actor. Dkt. No. 4 at 5-6. The court explained that even if Wellpoint could be considered a state actor, the plaintiff had made his allegations against its

3

employees, not against Wellpoint itself, and Wellpoint "cannot be held responsible under §1983 for the actions of its employees just because they worked for Wellpoint." Id. at 6.

The court inferred that the plaintiff was complaining in this federal case about "things that happened in a family-law case that either is being adjudicated or has been adjudicated in the state court." Id. at 7. The court explained that the if the plaintiff's child custody case was ongoing, the plaintiff's "claims are barred under Younger v. Harris, 401 U.S. 37 (1971) and Milchtein v. Chisholm, 880 F.3d 895 (7th Cir. 2018), 'which together hold that federal courts may not intervene in ongoing state criminal cases or state child-welfare or child-custody proceedings.'" Id. (citing Howell v. Manitowoc Cnty. Hum. Servs., No. 21-CV-1069, 2022 WL 2208876, at *3 (E.D. Wis. June 21, 2022), aff'd, Case No. 22-2184, 2023 WL 6492083 (7th Cir. Oct. 5, 2023)). The court explained that even if the child custody case was over, the plaintiff's claims likely were barred by the Rooker-Feldman doctrine, which states that federal district courts do not have jurisdiction to review state court civil decisions. Id. (citing Edwards v. Ill. Bd. Of Admissions to Bar, 261 F.3d 723, 728 (7th Cir. 2001)). Finally, the court explained that it could not determine what exactly the plaintiff wanted this federal court to do. Id. at 8.

The court summarized:

> The plaintiff has sued a private, non-profit entity for violating his constitutional rights, rather than suing state actors. He has sued an organization, rather than the individuals whom he claims violated his rights. He has not told the court what relief he believes he is entitled to. And he has not explained how what the people he discussed in his complaint did violated his constitutional rights.

4

Id.

The court gave the plaintiff an opportunity to file an amended complaint. Id. at 9. It gave him the following specific instructions and warnings.

> The court will give the plaintiff an opportunity to file an amended complaint that addresses these issues. The court will include a copy of its amended complaint form with this order. The plaintiff must list the case number on the first page and name all the defendants that he wants to sue in the caption. He should use the spaces on pages two and three to explain the key facts and what the defendant(s) did to violate his rights. Specifically, he must state who violated his rights, what the person did to violate his rights, when the person violated his rights and how his rights were violated. If the plaintiff wishes to pursue claims against Wellpoint Care Network (the entity, rather than individual persons), he must explain what Wellpoint Care Network did and, if he believes it acted under color of state law, why he believes that Wellpoint is a state actor. He also must explain whether the state-court proceedings involving his child are continuing or whether they are over, and he must tell the court what he wants the court to do for him.
>
> The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff must make all his allegations in the amended complaint; he may not refer the court back to the original complaint. He must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims. If the plaintiff does not file the amended complaint by the deadline the court sets below, or if the amended complaint does not comply with this order, the court will dismiss this case for failure to state a claim upon which a federal court may grant relief, and will not give the plaintiff a second chance to amend.

Id. at 9.

B. The Amended Complaint (Dkt. No. 5)

The plaintiff filed his amended complaint using the form the court supplied to him. Dkt. No. 5 at 1. The plaintiff again named Wellpoint Care Network as the sole defendant. Id. at 1. The amended complaint alleges that Wellpoint violated the plaintiff's Fourteenth and Fourth Amendment rights

5

"under the color of law while working for the Department of Child protective services and the Wisconsin child's court." Id. at 2 (as in original). It alleges that Ms. Rodriguez and Ms. Buss[1] lied to judges under oath. Id.

The amended complaint alleges that "[t]hey [presumably Rodriguez and Buss] have done all of this ever since 12/8/23, in the state of Wisconsin, Milwaukee," and that this was "[a]ll over [his] daughter who was born on 9,22,23. Without [his] knowledge." Id. at 3 (as in original unless indicated otherwise). The plaintiff explains that his daughter was taken from her mother because of "drugs in her system." Id. The plaintiff alleges that he was adjudicated the father on December 8, 2023 but that he has not been allowed to attend medical appointments. Id. The plaintiff alleges that "[t]hey had [his] daughter licensn [sic] to adopt as of August, 2024." Id. The plaintiff asserts that he has been fighting the State of Wisconsin continuously to be a part of his daughter's life. Id.

The plaintiff concludes:

On the date of 1-21-25 my judge ordered a court date for 3-17-25. He made it very clear in court. The the [sic] order of sole reunification was the only goal and order. Against the judges orders. Wellpoint Care Network filed a termination of parental rights case. Which is contempt court and violation of due process. I have proof of everything said and done.

Id. at 3-4.

In the "Relief Wanted" section of the complaint, the plaintiff states that he would like to sue for $50 million "[f]or the two years of [his] daughter's life

---

[1] The amended complaint does not explain who Ms. Rodriguez and Ms. Buss are.

[w]hich is irreplaceable." Id. at 5. In the same section the plaintiff writes, "I would like the company which is acting under the color of law. Because they are sanctioned by the department of child protective services to hold the party's accountable." Id. (as in original).

## II. Screening the Amended Complaint (Dkt. No. 5)

### A. Legal Standard

Under 28 USC §1915(e)(2)(B) a district court has "the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir.1999). "The purpose of such screening is to identify claims that are legally 'frivolous or malicious,' that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief." Deidre A. Cooper v. Forest C'nty Potawatomi Hotel & Casino, Case No. 23- CV-1611, 2023 WL 8891433, at *1 (E.D. Wis. Dec. 26, 2023) (quoting 28 U.S.C. §1915(e)(2)(B)).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a) (2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009)

7

(quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64. "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously[.]" Hoskins v. Poelstra, 320 F.3d 761, 763 (7th Cir. 2003).

To proceed under 42 U.S.C. §1983, the plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). Because the plaintiff is proceeding without an attorney, the court construes his complaint liberally and holds him to a less stringent standard than pleadings drafted by lawyers. Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Analysis

As did original complaint, the amended complaint mentions violations of the Fourth and Fourteenth Amendments. Dkt. No. 5 at 2. The plaintiff appears to be asserting that this federal court has federal question jurisdiction.

But the amended complaint does not address the problems the court identified in its screening order. As the court will explain below, the plaintiff has not alleged facts demonstrating that Wellpoint is a state actor. He has not

8

alleged what he believes *Wellpoint* did (as opposed to its employees) to violate his constitutional rights. And he has not advised the court regarding whether the state-court proceedings are on-going.

The amended complaint names Wellpoint Care Network as the sole defendant. As the court explained in its first screening order order, to sue another person over a constitutional violation, the plaintiff must allege that that person was acting "under the color of state law." 42 U.S.C. §1983; see Dkt. No. 4 at 5-6. That phrase—individuals "acting under color of state law"—usually describes state officials or employees. As the court explained in its screening order, Wellpoint is a community-funded non-profit. Dkt. No. 4 at 6 (citing https://wellpointcare.org).

In the screening order, the court specifically ordered the plaintiff to explain "why he believes that Wellpoint is a state actor." Id. at 9. The plaintiff opened the amended complaint by asserting that "Wellpoint Care Network, have violated my Constitutional rights. The 4, 14 Amendments under the color of law while, working for the Department of Child Protective Services and the Wisconsin Child's courts." Dkt. No. 5 at 2 (as in original). Later, in the "Relief Wanted" section, the plaintiff asserts that Wellpoint is acting under the color of law because "they are sanctioned by the Department of child protective services." Id. at 4.

"[A] private entity can qualify as a state actor in a few limited circumstances—including, for example, (i) when the private entity performs a traditional, exclusive public function[;] (ii) when the government compels the

9

private entity to take a particular action[;] or (iii) when the government acts jointly with the private entity[.]" Manhattan Community Access Corp. v. Halleck, 587 U.S. 802, 809 (2019). The allegations in the amended complaint do not describe any of these circumstances. The amended complaint does not allege that Wellpoint was performing a traditional public function; in fact, it does not describe Wellpoint's function at all. It does not allege that any Wisconsin government entity compelled Wellpoint to take any particular action, or that Wellpoint was acting jointly with any Wisconsin government entity. Although the amended complaint states that Wellpoint is "sanctioned" by the Department of Child Protective Services, the plaintiff does not explain what that means. Even if the plaintiff means to allege that Wellpoint is a state actor because it has contracts with the state government (if, in fact, it does), that is not enough to constitute state action. Barlow-Johnson v. Ctr. for Youth and Fam. Sols., Case No. 22-CV-3214, 2023 WL 5826966 at *5 (C.D. Ill. Sept. 8, 2023) (citations omitted) (finding a non-profit child welfare agency was not a state actor despite a contractual agreement with a government agency, holding that "the receipt of public funds alone is insufficient to transform otherwise private actions into actions of the State.")

Like the original complaint, the amended complaint does not name any individuals (such as Ms. Rodriguez or Ms. Buss) as defendants. It appears that the plaintiff insists on suing Wellpoint because Wellpoint may be the employer of, or the supervisor of, the individuals about whom he complains. But as the court explained in its original screening order, §1983 is "based on personal

10

Case 2:25-cv-01251-PP    Filed 01/09/26    Page 10 of 13    Document 6

liability and predicated upon fault; 'to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." Dkt. No. 4 at 6 (quoting Pepper v. Village of Oak Park, 430 F.3d 805, 810 (7th Cir. 2005)). There is no supervisory liability in §1983 cases. Id. (citing Kinslow v. Pullara, 538 F.3d 687, 692 (7th Cir. 2008)). If, as it appears, the amended complaint names Wellpoint as a defendant because it is an employer or supervisor, Wellpoint is not the appropriate defendant under §1983.

Nor does the amended complaint explain, as the court required it to do, "what Wellpoint Care Network did[.]" Dkt. No. 4 at 9. The plaintiff alleges that Wellpoint filed a termination of parental rights case, which he alleges constituted contempt of court and a violation of due process. Dkt. No. 5 at 3-4. Although it isn't clear, it appears that the plaintiff is alleging that the state court may have issued an order requiring the parties to address "sole reunification" at the March 17, 2025 hearing, and the plaintiff believes that in filing a termination of parental rights case, Wellpoint violated that order. Id. at 3. If that is, in fact, what the plaintiff is alleging, he should have made that argument to the family court judge who issued the "sole reunification" order. But more to the point, the plaintiff still has not provided this federal court with enough information to determine whether his challenge to the state court's order is barred by the Rooker-Feldman or Younger doctrines.

Even though the court's screening order required him to, dkt. no. 4 at 9, the plaintiff did not say in the amended complaint whether his state-court

11

proceedings are continuing or whether they are over. Neither the original nor the amended complaint provide the name of state-court case, the county in which it was filed or the case number. That means that this federal court cannot look at the state-court docket and figure out whether the case is on-going or closed. And the answer to whether the state-court case is on-going or closed makes a difference. If the case is over and there is a final judgment, the Rooker-Feldman doctrine may (depending on the circumstances) bar the plaintiff from challenging that judgment in federal court. But the court can't make that determination without knowing the status of the state-court case. Nor can the court determine whether the plaintiff has given the state courts the opportunity to address his concerns by appealing any of the state trial judge's final orders to the court of appeals or the Wisconsin Supreme Court.

The court will dismiss the plaintiff's amended complaint, because the plaintiff has not complied with the requirements of the court's screening order and because the amended complaint does not provide the court with enough information to determine whether he can state a claim for which a federal court can grant relief.

### III. Conclusion

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** because it does not state a claim upon which a federal court can grant relief. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by

12

filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he should be aware that the appellate filing fee is $605. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 9th day of January, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**